UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  13- 21529-ROSENBAUM/HUNT

BAC FINANCIAL SERVICES, INC.,

    Plaintiff,

v.

MULTINATIONAL LIFE INSURANCE
COMPANY f/k/a NALIC LIFE INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

This matter is before the Court upon Defendant's Motion to Dismiss [D.E. 11].  The Court has reviewed Defendant's Motion, all supporting and opposing filings, and the record in this case, and is otherwise fully advised in the premises.  For the reasons set forth below, the Court grants in part and denies part Defendant's Motion to Dismiss.

## I. BACKGROUND

The Complaint in this action arises from Defendant Multinational Life Insurance Company's acquisition of NALIC Life Insurance Company ("NALIC") in January 2012. D.E. 1 at ¶ 9.  Prior to Defendant's succession,  Plaintiff BAC Financial Services, Inc., operated as an authorized broker of health-insurance policies for NALIC and brokered the sale of various health-insurance policies to policyholders.  *Id.* at ¶ 6-7.  Following Defendant's acquisition of NALIC, Plaintiff alleges that Defendant stopped providing insurance coverage to these policyholders and refused to return unearned premiums in the amount of approximately $2,295,663.98. *Id.* at ¶ 9.  As a result, Plaintiff

avers that it was forced to obtain alternate insurance for policyholders and paid approximately $2.5 million in replacement premiums.  *Id.* at ¶ 10.

On April 30, 2013, Plaintiff filed a two-count Complaint against Defendant, asserting claims for violation of the Florida Unfair Insurance Trade Practices Act ('the Act"), Fla. Stat. § 626.9541(1)(o), (Count I), and for unjust enrichment (Count II).  D.E. 1.  Plaintiff asserts that Defendant violated  Florida Statute § 626.9541(1)(o) by knowingly collecting a premium without providing insurance. D.E. 1 at ¶ 8.  Plaintiff further argues that Defendant accepted and retained the benefit of unearned  premiums without providing insurance coverage in return.  D.E. 1 at ¶ 11.

Defendant now moves to dismiss Plaintiff's Complaint in its entirety.  In support of its Motion to Dismiss, Defendant contends that Plaintiff has not adequately alleged compliance with the Act's civil remedy notice provision and that Plaintiff has not adequately alleged that it paid Defendant the unearned premiums at issue. D.E. 11 at 4.  Defendant further asserts that Plaintiff's claim for unjust enrichment fails because Plaintiff has not alleged that it conferred a benefit on Defendant.  *Id.*

## II. LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").  Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual

enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). The Supreme Court has emphasized "[t]o survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

When reviewing a motion to dismiss, a court must limit its consideration to the pleadings and exhibits attached to the pleadings and, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000). Upon engaging in this analysis, a court should deny a motion to dismiss where the pleading asserts non-conclusory, factual allegations, that, if true, would push the claim "across the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680 (quoting *Twombly*, 550 U.S. at 570) (quotation marks omitted); *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570) (explaining that allegations in a complaint "must . . . contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"). A claim is facially plausible when the plaintiff's factual allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### III. DISCUSSION

#### A. Conditions Precedent

Defendant argues that Count I should be dismissed because Plaintiff has not sufficiently pled compliance with the Act's notice requirements. Florida Statute § 624.155(3)(a) provides that "[a]s

a condition precedent to bringing an action under this section, the department and the authorized insurer must have been given 60 days' written notice of the violation." With respect to this provision, the Complaint states as follows: "All conditions precedent to filing this action have occurred, have been performed or have been waived. Specifically, Plaintiff has complied with the civil remedy notice provisions of section 624.155, Florida Statutes." D.E. 1 at ¶ 11. Despite this paragraph, Defendant maintains that the Complaint is insufficient because the allegations are conclusory and do not satisfy the *Twombly/Iqbal* pleading standards.

It is true that "threadbare recitals of a cause of action's elements, supported by mere conclusory statements" are insufficient to withstand a motion to dismiss. *Iqbal*, 556 U.S. at 663. Nonetheless, Rule 9(c), Fed. R. Civ. P., explicitly states that "[i]n pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed." Thus, Defendant's assertion that *Iqbal* governs the analysis of whether Plaintiff has pled sufficient facts concerning its satisfaction of the conditions precedent is incorrect. While *Iqbal* interprets Rule 8(a)'s requirement that a plaintiff plead a "short and plain statement of the claim showing that the pleader is entitled to relief," it "does not alter the standard established by Rule 9(c) for pleading conditions precedent." *El-Ad Residences At Miramar Condo. Ass'n, Inc. v. Mt. Hawley Ins. Co.*, No. 09-CV-60723, 2009 WL 3019786, at *2 (S.D. Fla. Sept. 23, 2009). Plaintiff's allegation that it has complied with all conditions precedent is sufficient under Rule 9(c) and, accordingly, does not provide a basis for dismissal. *See id.*; *see also Riviera S. Apartments, Inc. v. QBE Ins. Corp.*, No. 07-60934-CIV, 2007 WL 2506682, at * (S.D. Fla. Aug. 30, 2007) ( the plaintiff's allegation that all conditions precedent to filing suit were met was sufficient to withstand a motion to dismiss).

### B. Failure to State a Claim under Fla. Stat. § 626.9541

Defendant asserts that Count I of the Complaint should be dismissed because Plaintiff has not alleged that it paid Defendant the alleged unearned premiums. Fla. Stat. § 626.9541(1)(o) makes it unlawful to

> Knowingly collect[] any sum as a premium or charge for insurance, which is not then provided, or is not in due course to be provided, subject to acceptance of the risk by the insurer, by an insurance policy issued by an insurer as permitted by this code.

According to Defendant, the Complaint contains no factual basis from which to infer that Defendants knowingly collected unearned premiums. The crux of Defendant's argument appears to be that the Complaint does not explicitly state who paid the premiums at issue or that the premiums were paid to Defendant. The Court respectfully disagrees.

Plaintiff was an authorized broker of health-insurance policies for Defendant's predecessor, NALIC, and during the relevant time period, it brokered the sale of insurance policies to various policyholders. Plaintiff alleges that following Defendant's acquisition of NALIC, Defendant ceased providing insurance coverage to those policyholders and refused to return the unearned premiums. Despite Defendant's assertions, the Complaint makes clear that the policyholders who bought their insurance policies through Plaintiff paid the premiums.

Defendant also seems to find fault with the fact that Plaintiff does not state that the premiums were paid to Defendant. But the allegations in the Complaint must be viewed in the light most favorable to the plaintiff on a motion to dismiss. *See Bourff v. Rubin Lublin, LLC*, 674 F.3d 1238, 1240 (11th Cir. 2012) (citing *Powell v. Thomas*, 643 F.3d 1300, 1302 (11th Cir. 2011)). Here, the factual allegations lend themselves to a plausible inference that the premiums were paid to

Defendant. The Complaint states, in essence, that policyholders obtained insurance coverage and paid premiums through Defendant's predecessor and that Defendant thereafter retained the premiums without providing insurance coverage. The Court can reasonably infer from these facts that Defendant, as NALIC's successor, collected the premiums at issue.

Moreover, to the extent that Defendant grounds its challenge on Plaintiff's failure to plead the knowledge element under the Act, Rule 9(b), Fed. R. Civ. P., provides that knowledge may be alleged generally. Thus, Plaintiff's allegation that Defendant "knowingly collected a premium" suffices. *See* D.E. 1 at ¶ 8.

Because the Court disagrees with Defendant's contention that the factual allegations related to Count 1 fail to state a cause of action, Defendant's Motion to Dismiss Count I is denied.

### C. Failure to State a Claim for Unjust Enrichment

Defendant also argues that Count II of the Complaint should be dismissed because it fails to state a claim for unjust enrichment. Under Florida law, in order to state a claim for unjust enrichment, a plaintiff must allege that (1) the plaintiff has conferred a benefit on the defendant, (2) the defendant had knowledge of the benefit, (3) the defendant accepted and retained the benefit conferred, and (4) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff. *Peoples Nat'l Bank of Commerce v. First Union Nat'l Bank of Fla., N.A.*, 667 So. 2d 876, 879 (Fla. 3d DCA 1996). According to Defendant, Plaintiff has failed to allege that it conferred any benefit on Defendant.

Florida law recognizes that a broker may recover compensation under the theory of unjust enrichment; however, a plaintiff must show either that an implied contract exists or that the plaintiff was the procuring factor in the sale. *Media Servs. Grp., Inc. v. Bay Cities Commc'ns, Inc.*, 237 F.3d

1326, 1330 (11th Cir. 2001). Although the Complaint states that Plaintiff procured the sale of insurance policies to policyholders, thus conferring a benefit on Defendant, the Court agrees that Plaintiff has failed to state a claim for unjust enrichment.

The issue here is not whether Plaintiff provided a benefit but whether Defendant was unjustly enriched by that benefit. Here, Plaintiff does not sufficiently allege that Defendant failed to compensate Plaintiff for the benefit that Plaintiff conferred. Because Plaintiff is an insurance broker and not a policyholder, the benefit conferred by Plaintiff is not measured by the amount of the alleged unearned premiums, but rather by the reasonable value of Plaintiff's services in brokering the insurance policies at issue. Plaintiff does not allege, however, that it did not receive compensation for these services. Accordingly, without more, Plaintiff's allegation that Defendant improperly retained policyholders' premiums is insufficient.

Moreover, a claim for unjust enrichment is grounded in principles of quasi-contract. In other words, unjust enrichment is an equitable claim, "based on a legal fiction created by courts to imply a 'contract' as a matter of law." *Tooltrend, Inc. v. CMT Utensil, SRL*, 198 F.3d 802, 805 (11th Cir. 1999). Thus, an unjust-enrichment claim lies only in the absence of an express contract. Here, the facts alleged belie the notion that a contract did not exist, given that Plaintiff was an authorized insurance broker for NALIC and Plaintiff's claims arise out of Defendant's alleged failure to honor the terms of insurance policies brokered by Plaintiff. For these reasons, Count II of the Complaint is dismissed; however, Plaintiff shall have fourteen days to replead this claim should it desire to do so.

### IV. CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** that Defendant's Motion to Dismiss [D.E.

11] is **GRANTED IN PART AND DENIED IN PART**. Count II of Plaintiff's Complaint [D.E. 1] is dismissed without prejudice. Plaintiff shall have until November 19, 2013, to amend its Complaint should it desire to do so.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 5th day of November 2013.

                                                ROBIN S. ROSENBAUM
                                                UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of record